[S. F. No. 12915. In Bank.—July 3, 1928.]

In the Matter of the Estate of TOWENA VIOLETTA DAY,
Deceased. BRIDGET WHALEN et al., Respondents,
v. MARTHA A. GRATTAN et al., Appellants.

George K. Ford, J. Carfraie Birnie and Ford, Johnson &
Bourquin for Appellants.

True Van Sickle, D. C. De Golia and Albert L. Johnson
for Respondents.

WASTE, C. J.—Respondents move to dismiss the appeal.
The judgment appealed from was entered on October 19,
1927, in a proceeding brought under section 1664 of the
Code of Civil Procedure to determine heirship. A motion
for new trial interposed by the defendants was denied
December 16, 1927, and on December 24th the defendants
filed their notice of appeal, together with a notice and re-
quest to the clerk for the preparation of a transcript. On
March 1, 1928, on motion of the respondents, an order was
made and entered by the trial court dismissing the proceed-

ings to obtain a transcript under section 953a of the Code of Civil Procedure. In support of the present motion to dismiss, the respondents urge that the appeal is without a record to support it, and that it was not taken within the time required by law.

■ The first ground of the motion is without merit, and the appeal will not be dismissed for the asserted lack of a record. At the time the motion was noticed and made here (April 3, 1928), the forty-day period (after March 1) prescribed by Rule II of this court, within which a record must be filed, had not expired. The motion, as to the ground first mentioned, is premature. Moreover, the appellants have expressed their intention of seasonably filing a transcript constituting the judgment-roll, and for that purpose have kept their time open by stipulation and order.

■ As to the second ground of the motion, the respondents contend that an appeal from a judgment in a proceeding under section 1664 of the Code of Civil Procedure must be taken within sixty days after the entry thereof, and this despite the institution of new trial proceedings. In other words, it is urged that while new trial proceedings are expressly authorized by the provisions of the section, such proceedings do not, as is ordinarily the rule, serve to extend the time for appeal from the judgment. So far as is pertinent here the section reads: ''Such parties are allowed twenty days after the service of the complaint, as aforesaid, within which to plead thereto, and thereafter such proceedings shall be had upon such complaint as in this code provided in case of an ordinary civil action; and the issues of law and of fact arising in the proceeding shall be disposed of in like manner as issues of law and fact are herein provided to be disposed of in civil actions, with a like right to a motion for a new trial and appeal to the supreme court; and the provisions in this code contained regulating the mode of procedure for the trial of civil actions, the motion for a new trial of civil actions, statements on motion for a new trial, bills of exception, and statements on appeal, as also in regard to undertakings on appeal, and the mode of taking and perfecting appeals, and the time within which such appeals shall be taken, shall be applicable thereto; provided, however, that all appeals herein must be taken within sixty

days from the date of the entry of the judgment or the order complained of."

It is upon the last clause of the foregoing quotation that respondents base their contention. Section 1664, *supra,* was enacted prior to the 1915 amendment of section 939 of the Code of Civil Procedure providing that if proceedings for a new trial are pending the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such proceedings, or other termination in that court of the proceedings on such motion. Section 1714 of the Code of Civil Procedure declares that "The provisions of part two of this code (of which section 939 is a constituent part), relative to new trials and appeals, except in so far as they are inconsistent with the provisions of this title, apply to the proceedings mentioned in this title. . . . " Sections 1664 and 1714 form parts of the same title. It therefore becomes necessary to determine whether the provisions of section 939 are so inconsistent with those of section 1664 as to render the former inapplicable to proceedings instituted under the latter.

Section 1715 of the Code of Civil Procedure governs appeals in probate and guardianship proceedings generally; and is equally as definite as section 1664 as to the time within which such appeals may be prosecuted. It provides: "The appeal may be taken at any time after the order, decree, or judgment is made or rendered, but not later than sixty days after the same is entered in the minute-book of the court as provided in section 1704." Despite this very explicit language requiring the prosecution of an appeal within sixty days after entry of judgment in a proceeding governed by the provisions of section 1715, this court has held that, under the provisions of section 939, the institution of new trial proceedings served to extend the time within which an appeal had to be taken from an order admitting a will to probate. (*Estate of Seiler,* 174 Cal. 498 [164 Pac. 401].) The matter came on before the court on a motion to dismiss an appeal from an order admitting a will to probate, on the ground that the appeal was not taken within the time allowed by law. It was not taken within sixty days after the date of the entry of the order, as required by section 1715, but was taken within thirty days after a motion for a new

trial duly made was determined. The court said in that case that it was "of the opinion that the provision of section 939 of the Code of Civil Procedure, as amended in 1915 (Stats. 1915, p. 205), providing that if proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining the motion for a new trial, or other termination in the trial court of the proceedings upon such motion, is applicable in the matter of an appeal from an order admitting a will to probate, and for that reason the motion to dismiss the appeal (was) denied."

If it can with propriety be held that new trial proceedings served to extend the time of appeal from an order admitting a will to probate, it can equally as well be held in the instant case that the timely institution of new trial proceedings had the effect of extending the time for appeal from the judgment entered in this proceeding. Moreover, if new trial proceedings are applicable to causes finding their inception in the provisions of section 1664, *supra*, and that they are applicable cannot be questioned, it is but reasonable to hold that such proceedings serve to extend the time of appeal in conformity with the provisions of section 939, *supra*. The correctness of this assumption is fortified if it be kept in mind that the provision of section 939, providing for appeals within thirty days after termination of new trial proceedings, was added in the year 1915, long subsequent to the enactment of section 1664.

The motion to dismiss is denied.

Richards, J., Shenk, J., Seawell, J., Preston, J., and Curtis, J., concurred.